**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**JEFFREY A. CHRISTIE
and CHERRIE CHRISTIE,**

      **Plaintiffs,**

**v.**                                    **Case No. 8:13-cv-1371-T-23TBM**

**BANK OF AMERICA, N.A., et al.,**

      **Defendants.**
_____/

**O R D E R**

THIS MATTER is before the Court on Plaintiffs' **Motion to Seal Second Amended Class Action Complaint Pursuant to Protective Order (Dkt. 74)**. (Doc. 117). Along with the Motion, Plaintiffs simultaneously filed a redacted version of their Second Amended Class Action Complaint. (Doc. 118). The Motion does not have a Rule 3.01(g) certification and Defendants have not filed a response. Upon consideration, the Motion is **DENIED without prejudice**.

By their Motion, Plaintiffs seek an Order sealing their Second Amended Class Action Complaint because it "recites facts obtained from the parties during discovery that were identified as "confidential." They assert that it is necessary to file the Second Amended Class Action Complaint under seal so as to not violate the November 18, 2013, Stipulated Protective Order (Doc. 74), which Plaintiffs' contend "requires all documents that are designated "confidential" by any party be filed under seal. (Doc. 117).

The Court's Order approving the Stipulated Protective Order expressly notes that the "Court does not allow the automatic filing of documents under seal." Rather, a party seeking

to file a document under seal shall file a motion to seal in conformance with Local Rule 1.09, which, in pertinent part, states:

> (a) Unless filing under seal is authorized by statute, rule, or order, a party seeking to file under seal any paper or other matter in any civil case shall file and serve a motion, the title of which includes the words "Motion to Seal" and which includes (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal. The movant shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section. . . . Every order sealing any item pursuant this section shall state the particular reason the seal is required.
>
> (b) If filing under seal is authorized by statute, rule, or order (including an order requiring or permitting a seal and obtained pursuant to (a) of this rule), a party seeking to file under seal any paper or other matter in any civil case shall file and serve a motion, the title of which includes the words "Motion to Seal Pursuant to [Statute, Rule, or Order]" and which includes (i) a citation to the statute, rule, or order authorizing the seal; (ii) an identification and description of each item submitted for sealing; (iii) a statement of the proposed duration of the seal; and (iv) a statement establishing that the items submitted for sealing are within the identified statute, rule, or order the movant cites as authorizing the seal. The movant shall submit to the Clerk along with a motion under this section each item proposed for sealing

M.D. Fla. R. 1.09.

Thus, the Court's Order approving the Stipulated Protective Order does not permit the filing of any document under seal simply because one of the parties labeled the document or information contained therein as "confidential." Rather, the party seeking to keep the information "confidential" still must comply with Local Rule 1.09. Here, neither Plaintiffs

nor Defendants have complied with the requirements of Local Rule 1.09. In particular, there is no demonstration that the redacted portions of the Plaintiffs' Second Amended Class Action Complaint warrant such protection. Absent adequate demonstration that the purportedly confidential matters should not be placed in the public record, I am not inclined to permit the Plaintiffs Second Amended Class Action Complaint to be filed under seal. Accordingly, within <u>fourteen (14) days</u> from the date of this Order, Plaintiffs shall file an unredacted version of the Second Amended Class Action Complaint or a motion in full compliance with the Court's local rules requesting permission to file a redacted version in the public record. Absent such motion, Plaintiffs' Second Amended Class Action Complaint (Doc. 118) shall be stricken.

      **Done and Ordered** in Tampa, Florida, this 23rd day of September 2014.

                                              THOMAS B. McCOUN III
                                              UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record